IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL D. SHUDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-637-GMS |
| | ) | |
| RAPHAEL WILLIAMS, Warden, and | ) | |
| CARL C. DANBERG, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

At Wilmington this 14TH day of Nov., 2006;

IT IS ORDERED that:

1. Petitioner Michael D. Shuda's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. (D.I. 1.)

A federal district court may summarily dismiss a habeas petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). A petitioner seeking habeas corpus relief from the adverse effect of a detainer must first exhaust state remedies in the confining state. *Nelson v. George*, 399 U.S. 224 (1970).

In his petition,[1] Shuda contends that his continued custody in a Delaware state prison violates the terms of the Interstate Agreement on Detainers.[2] Shuda also indicates that he filed a petition for a writ of habeas corpus in the Superior Court challenging his continued custody under the Interstate Agreement on Detainers, but that the proceeding is still pending in state court. Consequently, exhaustion will not be complete until the conclusion of the proceeding in the Superior Court and any appeal taken therefrom. *See Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992)(explaining general rule that federal habeas review is unavailable until state criminal proceeding is completed); *Ross v. Carroll*, 2002 WL 31230810 (D. Del. Sept. 23, 2002). Accordingly, the court will summarily dismiss Shuda's petition without prejudice. Shuda can re-file his habeas petition once he has exhausted state remedies.

2. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2002).

3. The clerk of the court is directed to mail a copy of this order to Shuda and to the respondents.

_____
UNITED STATES DISTRICT JUDGE



FILED
NOV 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1] Shuda's petition also raises claims regarding the conditions of his confinement, which are not properly raised in a § 2254 proceeding.

[2] The court notes that the notice of the case assignment, sent to Shuda at the prison address indicated on his petition, was returned as undeliverable because he has been released.